IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LETICIA LAGERA; SABADO, FRANCO AND ARUCAN FAMILY; JANET IBALE CAMPOS HOWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>USA & 50 STATES,<br><br>Defendants. | CIVIL NO. 20-00285 JAO-KJM<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On June 23, 2020, Plaintiffs commenced this action without identifying a basis for subject matter jurisdiction. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

No matter how liberally construed, the Complaint, an unintelligible stream of consciousness lacking identifiable claims, does not articulate a discernable basis for jurisdiction. Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE why the case should not be dismissed without prejudice for lack of jurisdiction. Plaintiffs must file a response to this Order to Show Cause by **July 20, 2020**, identifying the basis or bases for subject matter jurisdiction. Failure to timely respond or comply with this Order to Show Cause will result in a finding that Plaintiffs have failed to carry their burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, June 29, 2020.

Jill A. Otake
United States District Judge

CIVIL NO. 20-00285 JAO-KJM; *Lagera, et al. v. USA, et al.*; ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE