IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LETICIA LAGERA; SABADO, FRANCO AND ARUCAN FAMILY; JANET IBALE CAMPOS HOWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>USA & 50 STATES,<br><br>Defendants. | CIVIL NO. 20-00285 JAO-KJM<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On June 23, 2020, Plaintiffs commenced this action without identifying a basis for subject matter jurisdiction. The Court issued an Order to Show Cause ("OSC") why the case should not be dismissed without prejudice for lack of subject matter jurisdiction. ECF No. 5.

Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the

Court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

In the OSC, the Court determined that "[n]o matter how liberally construed, the Complaint, an unintelligible stream of consciousness lacking identifiable claims, does not articulate a discernable basis for jurisdiction." ECF No. 5 at 2. The Court ordered Plaintiffs to file a response identifying the basis or bases for jurisdiction by July 20, 2020, and cautioned that their failure to do so would result in the dismissal of the action. *See id.*

To date, Plaintiffs have not submitted a response. Accordingly, the Court finds that Plaintiffs have failed to carry their burden of establishing subject matter jurisdiction and the Court DISMISSES the action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 23, 2020.

Jill A. Otake
United States District Judge

CIVIL NO. 20-00285 JAO-KJM; *Lagera, et al. v. USA, et al.*; ORDER DISMISSING ACTION WITHOUT PREJUDICE